**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-1812**

KAMALJIT NIJJAR,

            Plaintiff - Appellant,

        v.

DOCTOR'S ASSOCIATES, INC.,

            Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Anthony John Trenga, District Judge.  (1:16-cv-01457-AJT-JFA)

Submitted:  February 27, 2018                          Decided:  April 10, 2018

Before WILKINSON, KEENAN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James T. Bacon, ALLRED, BACON, HALFHILL & YOUNG, PC, Fairfax, Virginia, for Appellant.  Jeffrey R. Babbin, Kevin M. Kennedy, Robyn E. Gallagher, WIGGIN AND DANA LLP, New Haven, Connecticut; Nathan A. Colarusso, BOWMAN AND BROOKE LLP, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kamaljit Nijjar appeals the district court's order denying her motion under Fed. R. Civ. P. 70(a). She contends that the district court erred by refusing to enforce its order confirming the stipulated arbitration award between her and Doctor's Associates, Inc. ("DAI"), a franchisor of the Subway restaurant chain. Specifically, she claims the court misinterpreted the arbitration award by construing it to require that any transfer she proposed to make of her Subway restaurants comply with Chapter 21 of the Subway Operations Manual *and* be at arms-length to a buyer approved by DAI. In her view, only compliance with Chapter 21 is required by the award. Alternatively, Nijjar argues that her proposed transfer of the franchises to her ex-husband constitutes an arms-length transaction. She also asserts that the district court improperly denied her request for discovery and an evidentiary hearing. We affirm.

We review for an abuse of discretion a district court's order denying a Rule 70 motion. *Madrigal v. Tellez*, 848 F.3d 669, 672-73 (5th Cir. 2017). "An arbitration award, as a conceptual matter, is to be treated as though it were a written stipulation by the parties setting forth their own definitive construction of the contract." *Am. Postal Workers Union v. U.S. Postal Serv.*, 550 F.3d 27, 30 (D.C. Cir. 2008). Accordingly, we review de novo the district court's interpretation of the award. *Elderberry of Weber City, LLC v. Living Ctrs.-Se., Inc.*, 794 F.3d 406, 411 (4th Cir. 2015) (stating standard for contract interpretation). Under Virginia law,[*] we must "construe the contract as a whole, giving

_____

[*] We accept the parties' view that Virginia law applies in this instance.

2

terms their ordinary meaning unless some other meaning is apparent from the context." *Schuiling v. Harris*, 747 S.E.2d 833, 836 (Va. 2013). When possible, a contract's provisions must be harmonized to avoid surplusage: "No word or clause in a contract will be treated as meaningless if a reasonable meaning can be given to it and the parties are presumed not to have included needless words in a contract." *S'holder Representative Servs., LLC v. Airbus Ams., Inc.*, 791 S.E.2d 724, 729 (Va. 2016).

We conclude (for the same reasons as the district court) that the plain language of the arbitration award requires both that a transfer be in compliance with normal transfer procedures and that the transfer be at arms length to a buyer approved by DAI. Thus, the district court did not err in concluding that the requirement that a transfer be at arms length and approved by DAI was a stand-alone requirement in addition to the requirement that the transfer follow normal procedures. Consequently, the district court did not abuse its discretion in denying Nijjar's Rule 70 motion.

Finally, we review for an abuse of discretion a district court's decision regarding discovery. *Bresler v. Wilmington Tr. Co.*, 855 F.3d 178, 189 (4th Cir.), *cert. denied*, 138 S. Ct. 470 (2017). We conclude that the district court did not abuse its discretion in denying discovery, as the record before the district court was sufficiently complete to allow resolution of the case. *See Sandcrest Outpatient Servs., P.A. v. Cumberland Cty. Hosp. Sys., Inc.*, 853 F.2d 1139, 1148 (4th Cir. 1988) ("In view of the allegations contained in the complaint and the facts that were available on the motion for summary judgment before the district court, it cannot be said that the district court abused its discretion in deciding the motion for summary judgment without allowing appellant further discovery.").

3

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*